

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| DAN WAYLAN LETSON,<br>    Plaintiff,<br><br>and<br><br>MICHAEL LETSON (Attorney in<br>    Fact for Dan Waylan Letson),<br>    Plaintiff;<br><br>v.<br><br>LAWRENCE COUNTY SHERIFF<br>GENE MITCHELL; JAMES BAKER,<br>Chief Jailer for Lawrence County;<br>JOHNNY BATES, Physician for<br>Lawrence County Jail; QUALITY<br>CORRECTIONS HEALTH CARE;<br>TIM FLANNAGIN, Lawrence<br>County Deputy Sheriff; STEVEN<br>FRYE, Lawrence County Deputy<br>Sheriff<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO:<br>)<br>)<br>)  JURY DEMAND<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, DAN WAYLAN LETON, complains of defendant, stating as follows:

### NATURE OF THE ACTION

1. This is a civil action brought by plaintiff, DAN WAYLAN LETSON (hereinafter referred to as "D.W. Letson"), who was denied certain constitutional rights by the Defendants, GENE MITCHELL, SHERIFF OF LAWRENCE COUNTY, ALABAMA, (hereinafter referred to as "Sheriff Mitchell") and certain individuals employed by the Sheriff Mitchell, while D.W. Letson was incarcerated

in the Lawrence County Jail. Specifically, Sheriff Mitchell and certain employees were deliberately indifferent to Letson's serious medical needs in violation of his rights as a detainee and a pretrial detainee under the Eighth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

2. This action arises under the Eighth and Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

## VENUE

3. This judicial district is an appropriate venue under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the suit happened within the boundaries of this judicial district.

## PARTIES

4. Plaintiff, DAN WAYLAN LETSON, is a citizen of the State of Alabama, with his primary residence in Lawrence County, Alabama, and is over the age of nineteen (19) years.

5. Plaintiff, MICHAEL LETSON, is attorney in fact for DAN WAYLAN LETSON.

6. Defendant, GENE MITCHELL was the elected Sheriff of Lawrence County, Alabama, at all times relevant to this matter.

7. Defendant, JAMES BAKER was the Chief Jailer for Lawrence County at all times relevant to this matter.

8. Defendant, TIM FLANNAGIN, was a Deputy Sheriff for Lawrence County, Aalabam, at all times relevant to this matter.

9. Defendant, STEVEN FRYE, was a Deputy Sheriff for Lawrence County, Alabama at all times relevant to this matter.

10. Defendant, JOHNNY BATES, is a physician contracted to treat and manage medical conditions of individuals incarcerated at the Lawrence County Jail.

11. Defendant, QUALITY CORRECTIONS HEALTH CARE (QCHC), is a physician-owned medical provided contracted to treat and manage medical conditions of individuals incarcerated at the Lawrence County Jail.

## FACTUAL ALLEGATIONS

12. D.W. Letson has a history of physical, mental health and severe alcohol addiction disorders.

13. Severe alcohol addiction is a common medical problem to those in law enforcement. Inmates with severe alcoholism are regularly incarcerated in the Lawrence County Jail, as in other jails. (See *Harper v. Lawrence County, Alabama*, filed in the United States District Court for the Northern District of Alabama, Case No.: 5:08-CV-00658-CLS). Poorly-managed withdrawal from alcohol intoxication is associated with severe health risks, including death, and is understood to be a serious health condition with which jail personnel must regularly deal.

14. On August 15, 2011, Sergeant Steven Frye of the Lawrence County Sheriff's Department swore out a warrant for D.W. Letson for permitting livestock to run at large, a violation of Alabama Code §3-5-2. Mr. Letson was arrested, jailed, and immediately bonded out.

15. On or about August 30, 2011, Deputy Tim Flannagin swore out a warrant on the same charge. A motion to revoke D.W. Letson's Bond was filed by the State of Alabama, but the District Court of Lawrence County, Alabama did not revoke the Defendant's bond. Instead, the court directed that D.W. Letson be brought before the Court when he was arrested.

16. On, or about August 30, 2011, D.W. Letson was arrested and brought before the court. He was intoxicated to such a degree that the Lawrence County

District Judge noted in her order that D.W. Letson "was intoxicated to such a degree he could not effectively communicate with the Court." (See *State of Alabama v. Dan Letson*, in the District Court of Lawrence County, Alabama, Case Nos. DC2011-815 and DC2011-959, Order of Court, November 15, 2011.) He was immediately taken to jail and was released on bond.

17. On, or About October 11, 2011, the State again filed a Motion to Revoke D.W. Letson's bond. A Writ of Arrest was entered. D.W. Letson was immediately arrested. He was in such a state of intoxication at the time of his arrest, he had to be physically carried to the officers' vehicle. He was placed in jail, and was not permitted to bond out until he "sobered up". He was given no medical treatment, despite the fact that Lawrence County jail had a nurse on staff and a physician on contract, JOHNNY BATES of QUALITY CORRECTION HEALTH CARE, to attend to individuals in D.W. Letson's condition.

18. On, or about, October 13, 2011, D.W. Letson was again brought before the District Court of Lawrence County, Alabama for a revocation hearing. At the time of the hearing, D.W. Letson's condition had deteriorated to such a degree that he required the assistance of officers merely to stand before the Court. The District Court Judge immediately ordered that D.W. Letson be taken for medical treatment.

19. Following the hearing, deputies from the Lawrence County Sheriff's Department took D.W. Letson to Bradford Medical Center for alcohol treatment. When they arrived at Bradford, D.W. Letson's medical condition was so critical, Bradford refused to accept him for treatment. The officers were instructed to take D.W. Letson immediately to an emergency hospital.

20. D.W. Letson was admitted to Lawrence Baptist Medical Center, Sunbridge, Alabama, and then to Shoals Hospital where he was treated from October 13, 2011 until November 14, 2011. He continues to suffer the effects of having gone through sever alcoholic withdrawals without medical assistance.

21. At the time D.W. Letson was arrested and jailed, employees of the Sheriff knew he was in a physical crisis from the effects of alcohol withdrawal, a life threatening medical condition, including Delirium Tremens (DTs)

22. The employees of the Sheriff, Dr. Johnny Bates, QCHC, and the

nurse on staff at the time were deliberately indifferent to D.W. Letson's life-threatening condition. Because of this indifference, D.W. Letson suffered medically, required a month of hospitalization and has suffered the lasting effects of having gone through several alcohol withdrawal without medical attention.

23. Defendants were aware of the need for appropriate policies, procedures and training concerning the identification and handling of inmates addicted to alcohol and suffering from, or likely to suffer from withdrawal symptoms. Defendants were deliberately indifferent to the serious and critical medical needs in failing to develop and implement adequate policies and procedures and for failing to train jail personnel under their supervision, with the foreseeable result that inmates, such as D.W. Letson, would not receive appropriate treatment or monitoring.

24. With deliberate indifference to the serious medical needs of inmates at the Lawrence County jail, including D.W. Letson, Defendants established a custom of policy of denying or delaying treatment for serious health conditions, including alcohol withdrawal. The Defendants established a custom and/or policy regarding the use of outside medical provide(s) and emergency medical resources that is so restrictive that inmates are regularly denied prompt medical care for serious health conditions, such as alcohol withdrawal, including D.W. Letson.

25. Examples of the custom, policies and practices of the Defendants is reflected in the facts, circumstances and evidence made the basis of two civil actions, *Parker v. Lawrence County, Alabama, et. al.*, Case No. CV-07-HS-1011-VEH, in the United States District Court for the Northern District of Alabama *and Harper v. Lawrence County, Alabama, et. al.*, Case No. 5:08-CV-00658-CLS, in the United States District Court of the Northern District of Alabama.

## COUNT I
### 42 USC §1983, et. seq.

26. Plaintiff adopts and incorporates paragraphs 1 through 29 as if set forth fully herein.

27. Plaintiff brings this count pursuant to 42 U.S.C. §1983, et. seq. for violation of D.W. Letson's constitutional rights given by the Eighth and/or Fourteenth Amendments of the United States Constitution.

28. Defendants, acting under the color of state law, within the meaning prescribed by 42 U.S.C. §1983, were deliberately indifference to D.W. Letson's serious medical needs in that they had knowledge of a mental or physical health condition requiring immediate medical treatment, yet provided no such treatment. As a result, D.W. Letson was deprived of his clearly established constitutional rights, including the right to safety, the right to be free from cruel and unusual punishment, and the right to receive medial care and treatment for his serious medical needs as a detainee and a pre-trial detainee in violation of the Eighth and Fourteenth Amendments of the US Constitution. Defendants were aware that D.W. Letson had a serious and/or life-threatening medial condition, but failed to provide him with medical treatment for said condition. In doing so, the Defendants acted with deliberate indifference to D.W. Letson's clearly established constitutional rights in violation of 42 U.S.C. §1983.

29. Defendant Gene Mitchell has supervisory authority over the Lawrence County Jail and is responsible for developing and implementing policies and procedures for medial care at the jail. By his action and inaction in establishing the policies regarding the care and handling of inmates who are potentially going through several alcohol withdrawal, and possibly the DTs, Defendant established an maintained unconstitutional customs, policies and/or practices which thereby deprived D.W. Letson of his rights as a detainee and pretrial detainee under the Eighth and Fourteenth Amendments of the US Constitution.

30. Defendant, Sheriff Gene Mitchell, had policies, procedures and/or customs in place that made it likely that deputies and/or other personnel at the jail would act with deliberate indifference to the constitutional rights of D.W. Letson while detained at the jail. Specifically, Sheriff failed to supervise, adequately staff, adequately fund medical services and/or provide for adequate screening of inmates for serious medical conditions upon their entry into the jail.

31. As a direct and proximate result of Defendant's conduct as set out herein, D.W. Letson suffered serious and long term medical consequences.

WHEREFORE, premises considered, Plaintiff D.W. Letson demands the following relief of the Defendants, jointly and severally:

A. That he be awarded such compensatory damages as the jury may assess;

B. That he be awarded such punitive damages as the jury may assess;

C. That he be awarded both pre-judgement and post-judgement interest at the rates allowed by law;

D. That he be awarded the costs of this action, his reasonable attorneys' fees and his reasonable expert witness fees; and

E. That he be awarded such other, further and equitable relief to which he may be justly entitled.

Respectfully Submitted,

/s/ Elizabeth G. Messer
Elizabeth Gonce Messer
GONCE & MESSER, ATTORNEYS
109 North Court Street
Florence, AL    35630
256-767-7411 – phone
256-767-0320 – fax
contactus@alalawyers.com

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY ON ALL COUNTS AND CAUSES OF ACTION

/s/ Elizabeth G. Messer
Elizabeth Gonce Messer
Of Counsel

## DEFENDANTS TO BE SERVED BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, AS FOLLOWS:

Sheriff Gene Mitchell
Lawrence County Jail
242 Parker Road
Moulton, AL  35650

James Baker
Lawrence County Jail
242 Parker Road
Moulton, AL  35650

Tim Flannagin
Lawrence County Jail
242 Parker Road
Moulton, AL  35650

Steven Frye
Lawrence County Jail
242 Parker Road
Moulton, AL  35650

Johnny Bates
Quality Correctional Health Care
200 Narrows Parkway, Suite A
Birmingham, AL  35242

Quality Correctional Health Care
200 Narrows Parkway, Suite A
Birmingham, AL  35242

/s/ Elizabeth G. Messer
Elizabeth Gonce Messer
Of Counsel